**UNITED STATES of America, Appellee,**

v.

**Leopoldo MEZA–VILLARELLO, Appellant.**

**No. 79–1079.**

United States Court of Appeals, Ninth Circuit.

Aug. 10, 1979.

Bruce R. Castetter, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., David C. Doyle, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

Judy Clarke, San Diego, Cal., on brief for appellant.

Before GOODWIN and TANG, Circuit Judges, and LYDICK *, District Judge.

PER CURIAM:

Meza-Villarello was deported as an illegal alien in 1971. He was convicted of violat-

---

* The Honorable Lawrence T. Lydick, United States District Judge for the Central District of California, sitting by designation.

ing 8 U.S.C. § 1326 (being a deported alien found in the United States), in 1975, and again in 1979.

The principal point on appeal (from the 1979 conviction) is raised by an instruction tendered upon a double-jeopardy theory. The court rejected the instruction.

The government's proof had established that the defendant was deported in 1971; that in 1975 he was found in the United States and convicted of violating section 1326; and that he was arrested in 1978 on a Calexico street. Following his 1975 conviction, the defendant served a prison sentence. There is no proof that he was again deported. The government proved that after 1971 the defendant had not received permission to enter the United States.

The requested instruction would have told the jury that it could not return a verdict of guilty unless it found beyond a reasonable doubt that the defendant had left the United States under a "lawful order of deportation or of voluntary departure" subsequent to his 1975 sentencing. The defense argued that this instruction was necessary because unless defendant had officially been removed from the United States after his 1975 commitment his presence in the country was merely the same presence for which he had been punished. Without official repatriation after each conviction, the defense argued, the alien could not again be prosecuted.

It is the defendant's theory that, having once been caught and punished, the alien has "paid his debt" to the United States for the violation of 8 U.S.C. § 1326, and is thereafter free to remain in the country without further criminal liability. (He would concede his deportability on these facts, but insists that the government must prove a separate prior deportation for each new offense of being "at any time found in" the United States.) He cites *Arriaga-Ramirez v. United States*, 325 F.2d 857 (10th Cir. 1963).

The argument is ingenious but is not supported by the words of the statute or by its history.

8 U.S.C. § 1326 reads:

"Any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both."

The government concedes that a valid prior deportation is a material element of the section 1326 offense. But the government argues that any prior valid deportation creates the material status, much as certain prior felony convictions create the status of persons forbidden to carry certain weapons. This theory has some support in *Pena-Cabanillas v. United States*, 394 F.2d 785, 789 (9th Cir. 1968). *Pena-Cabanillas* held that presence in the country by a proscribed person is *malum prohibitum* and that the government therefore need not prove specific intent. *Pena-Cabanillas* does not fully carry the government's case, but neither does *Arriaga-Ramirez, supra*, fully carry the defendant's case.

Arriaga-Ramirez was convicted of two separate, but consolidated, counts of illegal re-entry after deportation. For each count, the government alleged a separate deportation and subsequent re-entry. On appeal, the court rejected the defendant's view that the second deportation was invalid and held that proof of deportation in each case was sufficient. 325 F.2d at 859. The government, the defense, and the Tenth Circuit apparently assumed, without deciding, that proof of a separate deportation was required for each conviction.

■ We do not believe Congress intended to require a separate official or formal act of deportation to precede each repeated violation of section 1326. To avoid an unfair prosecution following an arrest at the prison gates, however, the government should be required to prove that the defendant had been outside the United States after each conviction before again prosecuting him for being "found" within the United States in violation of 8 U.S.C. § 1326.

■ In the case at bar, the government's evidence was sufficient to permit the jury to find that after his 1978 arrest Meza-Villarello gave an address in Mexico as his "home" and that he had admitted to officers that he had "crossed" earlier the day he was arrested. On this record there was no error in refusing the tendered instruction.

We need not reach the double-jeopardy questions that might lurk in this case had there been no evidence of a return to Mexico followed by a renewed presence in the United States after Meza-Villarello's next most recent conviction.

Other points briefed and argued present nothing new and require no discussion.

Affirmed.